

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2009

# Lorie Garlick v. Quest Diagnostics In

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1079

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lorie Garlick v. Quest Diagnostics In" (2009). *2009 Decisions.* Paper 1908.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1908

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1079
_____

LORIE GARLICK; TINA L. SCHROEDER; JOY SCOTT; BRYAN E.
BLEDSOE; WENDY R. BRODY; KELLY BUCKLEY; G. GEOFFREY CRAIG;
GAY CUMMINS; MARSHA A. DIENELT; BETH GIBSON; MICHELLE J.
GILLUM; ROBIN M. GREEN; KRISTIE SMITH; JILL WELTON; RICHARD
P. PACZYNSKI,
Appellants

v.

QUEST DIAGNOSTICS INC; NATIONAL MEDICAL SERVICES INC,
doing business as NMS Labs;
LABCORP, a Subsidiary of Laboratory Corporation of America Holdings;
DTS, also known as Drug Test Systems;
FIRSTLAB, a Subsidiary of FHC Health Systems Inc;
COMPASS VISION INC;
FIRST ADVANTAGE, Division of The First America Corporation;
JOHN DOE CORPORATIONS

On Appeal From the United States District Court
for the District of New Jersey
(No. 06-cv-06244)
District Judge: Honorable Dennis M. Cavanaugh

Argued November 18, 2008

Before: BARRY and CHAGARES, Circuit Judges, and COHILL,[*] District Judge

_____

[*] Honorable Maurice Cohill, Jr., Senior District Judge for the United States District
Court for the Western District of Pennsylvania, sitting by designation.

(Filed: February 6, 2009)

Norman Perlberger (argued)
Pomerantz & Perlberger
21 S. 12th St., Room 700
Philadelphia, PA 19107
Counsel for Appellants

John C. Farrell
John J. Hare
Eric A. Weiss
Jonathan D. Weiss
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut St.
Philadelphia, PA 19103
Counsel for Appellee National Medical Services Inc.

Lauri A. Mazzuchetti
Kelley, Drye & Warren
200 Kimball Dr.
Parsippany, NJ 07054

Robert I. Steiner
Kelley, Drye & Warren
101 Park Ave.
New York, NY 10178
Counsel for Appellee LabCorp

Peter J. Hoffman
Eckert, Seamans, Cherin & Mellott
50 S. 16th St.
2 Liberty Pl., 22d Fl.
Philadelphia, PA 19102

Roman Lifson
Christian & Barton
909 E. Main St.

1200 Mutual Bldg.
Richmond, VA 23219

Todd L. Schleifstein (argued)
Greenberg Traurig
200 Park Ave.
Florham Park, NJ 07932
Counsel for Appellee FirstLab

Peter J. Gallagher
Todd L. Schleifstein (argued)
Philip R. Sellinger
Greenberg Traurig
200 Park Ave.
Florham Park, NJ 07932
Counsel for Appellee First Advantage

D. Faye Caldwell (argued)
Caldwell & Clinton
1001 Fannin St., Ste. 1000
Houston, TX 77002

Austin A. Evans
Joseph E. O'Neil
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 N. Independence Mall W., Ste. 500
Philadelphia, PA 19106
Counsel for Appellee Quest Diagnostics Inc.

Alan C. Milstein
Sherman, Silverstein, Kohl, Rose & Podolsky
4300 Haddonfield Rd., Ste. 311
Pennsauken, NJ 08109

Todd L. Schleifstein (argued)
Greenberg Traurig
200 Park Ave.
Florham Park, NJ 07932
Counsel for Appellee Compass Vision Inc.

_____

OPINION OF THE COURT
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Lorie Garlick and her co-appellants appeal from the District Court's order dismissing their complaint with prejudice for failure to state a claim upon which relief can be granted. We will vacate and remand.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

Garlick is a healthcare worker with a history of alcohol abuse.[1] As part of her rehabilitation, she voluntarily submitted to testing designed to convince her medical licensing board that she no longer drinks alcoholic beverages. The board used a test that detects the presence of a substance called ethylglucuronide (EtG) — produced when alcohol is consumed — in a subject's urine. The presence of more than a certain amount of EtG yields a "positive" result; otherwise the result is "negative" for alcohol consumption. One of Garlick's tests came back positive, and the board disciplined her. Garlick, however, claims she has been sober throughout her rehabilitation

_____

[1] All of the plaintiffs are similarly situated in the respects discussed in this and the preceding paragraph. For simplicity, then, the remainder of this opinion will refer only to Garlick, rather than to "Garlick and her co-appellants" or some equivalent thereof.

Garlick sued the laboratories that developed the test and the third-party administrators (TPAs) that collected the specimens and reviewed the results in order to weed-out false positives. She does not argue that the test samples were mishandled or that the test does not accurately detect the presence of EtG. Rather, she argues that the test, properly performed, has an unreasonably high likelihood of generating a false positive for alcohol consumption

Quest Diagnostics Inc. (Quest), one of the laboratories, and its co-appellees moved to dismiss on the ground that Garlick failed to state a claim upon which relief may be granted. The District Court granted the motion, and Garlick filed this appeal.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

The courts of appeals have broad authority to manage cases in ways that maximize efficiency and fairly vindicate the interests of the parties. Along these lines, 28 U.S.C. § 2106 provides:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

Particularly relevant here, the courts of appeals have the inherent authority sua sponte to order a district court to grant a plaintiff leave to amend her complaint where portions of

5

the pleading are less than pellucid in ways that frustrate application of the relevant law. See Mittleman v. United States, 104 F.3d 410, 417 (D.C. Cir. 1997) (sua sponte remanding case to district court with instructions to allow plaintiff to "refine" negligence and emotional distress claims).

This case calls for the exercise of that authority. The structure of the complaint is inherently complex. Garlick has sued two groups of defendants and makes distinct yet inter-related negligence claims against each. And the substance of those claims may raise issues of first impression in many of the relevant state-law tort regimes. These features of the case made it especially important for Garlick to have pleaded her right to relief with precision. Yet, the language of the complaint, taken together with the arguments made to this Court (in the briefs and at oral argument), suggest that she instead took a somewhat scattershot approach.[2]

For example, Garlick claims that the EtG cutoff — separating positive from negative results — was set arbitrarily. Thus, determining who set those baselines may be critical. The complaint alleges that "Defendants" set the baselines. Appendix 58 (Compl. ¶ 93(b)). Garlick's opening brief explains that this allegation refers to all defendants acting in concert. Appellants' Br. at 18. Yet, at oral argument, Garlick stated repeatedly

---

[2] We are not holding Garlick to any pleading standard other than that provided in Federal Rule of Civil Procedure 8(a). We merely note that, because Garlick's claims appear to be somewhat novel and nuanced, she may, in order to meet that standard, have to include greater explanatory detail than if she were alleging a mine-run slip-and-fall injury or some other garden-variety tort based upon a very simple fact pattern.

6

that the laboratories alone — not the TPAs — set the cutoff. Garlick effectively concedes that this lack of precision permeates her pleading. Her opening appellate brief is littered with footnotes tacitly admitting that her original complaint is murky in multiple respects by repeatedly offering to amend her complaint in order to clarify her allegations. See Appellants' Br. at 6 n.2 ("Plaintiffs are able to amend, if it is deemed necessary by this Court, to clarify this allegation in the instant complaint."), 8 nn.4 ("Plaintiffs are able to amend, if it is deemed necessary by this Court, to make this allegation in the instant complaint.") & 5 ("Plaintiffs are able to amend, if it is deemed necessary by this Court, to clarify these allegations in the instant complaint."), 11 n.6, 21 nn.8 ("If this allegation is not clearly stated in the complaint it can be made by amendment.") & 10, 24 n.11.

The sprawling nature of the case before the District Court further muddied the waters. Garlick's complaint included a hodgepodge of seven theories of recovery: negligent misrepresentation, fraudulent misrepresentation, products liability, breach of warranty, negligence, breach of fiduciary duty, and violation of the New Jersey Consumer Fraud Act. Garlick's brief represents that five of these seven counts were withdrawn and that she is not appealing the District Court's ruling regarding a sixth count. Appellants' Br. at 3 n.1. Garlick is now pursuing only her negligence claim. We believe that the District Court should have the first opportunity to resolve this narrower controversy.

To sum up, Garlick's claims are "not clear enough for us to apply the pertinent [law]," in this case various bodies of state tort law. Mittleman, 104 F.3d at 412. We will

7

exercise our discretionary authority to give Garlick the opportunity to "refine [them] into clear enough terms" such that the District Court may do so in the first instance. Id. at 417.

## III.

For the reasons articulated above, we will vacate the District Court's judgment and remand the matter to the District Court with instructions to allow Garlick a reasonable amount of time to amend her complaint.